UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES C. ZOCCOLI,

        Plaintiff,

-against-

PROGRESSIVE INS. GARDEN STATE UNDERWRITERS,

        Defendant.

1:24-CV-4646 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff James C. Zoccoli, who is appearing *pro se*, filed this action seeking an "emergency injunction" directing Defendant "Progressive Insurance Garden State Underwriters" ("Progressive") "to immediately restore – and/or immediately continue – the modest insurance coverage for [Plaintiff's] 36-foot boat." (ECF 1, at 2.)

By order dated June 20, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action, but grants Plaintiff 30 days' leave to amend his complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges that he often stays on his boat "to help ease [his] asthma condition," which, he asserts, is "a result of [his] repeated presence at the World Trade Center disaster site during the aftermath of the 9/11 attack." (ECF 1, at 2.) Plaintiff also alleges the following:

> [a] few months ago[,] I found a small red dot on my Progressive log-in page. Eventually[,] I noticed it was a link. I clicked on the dot and was shocked to read a note informing me that my Progressive boat insurance would NOT be renewed. Later[,] the term CANCELLED was used. Subsequently[,] I phoned Progressive more than a dozen times, but was often placed on hold for lengthy periods. These inquires to Progressive never produced any tangible results regarding WHY was I being cancelled. The insurer just wasted my time by repeatedly transferring me to an alleged higher-up. The bottom line is I was being cancelled and the reason is apparently a secret. I am a physically-disabled senior citizen and I need my boat! [] Further, this inexplicable cancellation has made it difficult, if not impossible, for me to purchase insurance elsewhere, as other insurers listen to the directive of Progressive, regardless of whether or not such a cancellation has any legitimate merit. My insurance is currently paid in full and I have never had an accident. Whenever I *rarely* move the boat[,] I hire a professional captain.

(*Id.* at 2-3) (emphasis in original).

## DISCUSSION

**A.    Subject matter jurisdiction**

Plaintiff does not appear to allege facts sufficient to demonstrate that the court has subject matter jurisdiction to consider his claims. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has subject matter jurisdiction only when a "federal question" is presented or, when considering claims under state law under its "diversity jurisdiction," when the plaintiff and the defendant are citizens of different States and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction

any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983) (internal quotation marks omitted)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

### 1. Federal question jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under the court's federal question jurisdiction if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal question jurisdiction, however, without any facts demonstrating a claim under federal law, does not create federal question jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff alleges nothing to suggest that his claims fall under the court's federal question jurisdiction. Rather, he seems to assert claims arising from a dispute as to whether Progressive will continue to provide him with insurance for his boat, which is usually a subject of state law, not federal law. Thus, the Court understands that Plaintiff is not asserting claims under federal law, under the court's federal question jurisdiction, but instead, is asserting claims under state law, under the court's diversity jurisdiction.

## 2. Diversity jurisdiction

Inasmuch as Plaintiff is asserting claims under state law, under the court's diversity jurisdiction, he has not alleged facts sufficient to establish that jurisdiction. To do so, a plaintiff must first allege that he and the defendant are citizens of different States. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where the individual "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* A corporation, however, is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

There is a second component of diversity jurisdiction – the amount in controversy must be in excess of the sum or value of $75,000. *See* § 1332(a). The sum claimed by a plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a diversity action for failing to plead that the amount in controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional

amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses.").

Plaintiff seems to allege that he is a citizen of the State of New York. (ECF 1, at 1.) While he has attached to his complaint a document indicating that his Progressive boat insurance policy is underwritten by the Drive New Jersey Insurance Company, and that the relevant "policy state" is New Jersey, Plaintiff alleges no facts showing Progressive's state citizenship.[1] Thus, Plaintiff has failed to show that the parties are diverse, in other words, that they are citizens of different States. In addition, Plaintiff does not allege any facts that show that his claims under state law satisfy the jurisdictional amount for a diversity action – the amount at issue in the suit must exceed the sum or value of $75,000. *See* § 1332(a). The Court therefore dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint in which he alleges facts showing that the court has subject matter jurisdiction to consider this action, under either the court's federal question jurisdiction or under its diversity jurisdiction.

**B.   Venue**

If Plaintiff files an amended complaint addressing the court's subject matter jurisdiction to consider this action, he should also address why this court is a proper venue for this action. The applicable venue provision for this action is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a

---

[1] The attached document also indicates that the relevant insurance policy period runs from April 19, 2024, to April 19, 2025. (ECF 1-7, at 1.)

> substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, "a natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled." § 1391(c)(1). Any other entity, however, if a defendant, "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2). With respect to a defendant that is a corporation:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

§ 1391(d).

Plaintiff's complaint is not clear as to where Progressive resides for venue purposes. Thus, it is not clear that this court is a proper venue for this action under Section 1391(b)(1). In addition, because Plaintiff's boat may be docked in New Jersey, and not within this judicial district, the United States District Court for the District of New Jersey, and not this court, may be a proper venue for this action under Section 1391(b)(2).[2] Accordingly, Plaintiff's amended complaint must additionally address why this court is a proper venue for this action.

---

[2] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b). The State of New Jersey constitutes one federal judicial district, the District of New Jersey. *See* 28 U.S.C. § 110.

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that federal district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to establish subject matter jurisdiction, under either the court's federal question jurisdiction or under its diversity jurisdiction, and demonstrate that this court is a proper venue for this action, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims, as specified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**CONCLUSION**

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court, however, grants Plaintiff 30 days' leave to replead his claims in an amended complaint, as specified in this order. If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   October 21, 2024
        New York, New York

                                 /s/ Laura Taylor Swain
                                 LAURA TAYLOR SWAIN
                                 Chief United States District Judge