UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES C. ZOCCOLI, <br><br> Plaintiff, <br><br> -against- <br><br> PROGRESSIVE INSURANCE GARDEN STATE UNDERWRITERS & DRIVE NEW JERSEY, <br><br> Defendant. | 1:24-CV-4646 (LTS) <br><br> TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated October 21, 2024, the Court dismissed this *pro se* action for lack of subject matter jurisdiction. (ECF 5.) The Court, however, granted Plaintiff 30 days' leave to replead his claims in an amended complaint that alleges facts showing that the court has subject matter jurisdiction to consider this action and that this court is a proper venue for this action. (*Id.*) On November 15, 2024, Plaintiff filed a letter requesting a 30-day extension of time to comply with the Court's October 21, 2024 order. (ECF 6.) By order November 18, 2024, the Court granted that request; the Court granted Plaintiff an additional 30 days from the date of that order to comply with the Court's October 21, 2024 order. (ECF 7.) On December 17, 2024, Plaintiff filed another letter requesting another extension of time to comply with the Court's October 21, 2024 order. (ECF 8.) By order dated December 19, 2024, the Court granted Plaintiff a second 30-day extension of time to comply with the Court's October 21, 2024 order. (ECF 9.) Plaintiff filed an amended complaint on January 21, 2025. (ECF 10). It is the operative pleading for this action.

The Court construes Plaintiff's amended complaint as asserting claims under state law, under the court's diversity jurisdiction. For the following reasons, the Court transfers this action to the United States District Court for the District of New Jersey.

## DISCUSSION

In the Court's October 21, 2024 order, the Court dismissed this action for lack of subject matter jurisdiction, but granted Plaintiff leave to replead his claims in an amended complaint showing that this court has subject matter jurisdiction to consider this action and that this court, as opposed to another federal district court, including the United States District for the District of New Jersey, is a proper venue for this action. (ECF 5.) Notwithstanding whether any federal district court has subject matter jurisdiction to consider this action, *see supra* note 1, Plaintiff's amended complaint does not show that this court is a proper venue for this action. As the Court discussed, in its October 21, 2024 order, the applicable venue provision for this action is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, "a natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled." § 1391(c)(1). Any other entity, however, if a defendant, "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2). With respect to a defendant that is a corporation:

>   in a State which has more than one judicial district and in which a defendant that
>   is a corporation is subject to personal jurisdiction at the time an action is
>   commenced, such corporation shall be deemed to reside in any district in that
>   State within which its contacts would be sufficient to subject it to personal
>   jurisdiction if that district were a separate State, and, if there is no such district,
>   the corporation shall be deemed to reside in the district within which it has the
>   most significant contacts.

§ 1391(d).

Plaintiff seems to allege, in his amended complaint, that Defendant, an insurance company that appears to be a corporation, is headquartered in Mayfield, Ohio.[1] (ECF 10, at 1-2.) He also seems to allege facts, in his amended complaint, to support the contention that, given Defendant's alleged activity with regard to insuring vessels in New Jersey (*see id.* at 1, 10-19), Defendant may also reside, under Section 1391(c)(2), in New Jersey. Mayfield, Ohio, is located in Cuyahoga County, Ohio, which lies within the Northern District of Ohio. 28 U.S.C. § 115(a)(1). The State of New Jersey constitutes one federal judicial district, the District of New Jersey. 28 U.S.C. § 110. Plaintiff does not allege any facts, however, suggesting that Defendant resides in this judicial district, the Southern District of New York.[2] Thus, while the United States District Courts for the Northern District of Ohio and for the District of New Jersey may be

---

[1] In his amended complaint, Plaintiff seems to allege, for the purposes of diversity jurisdiction, that he is a citizen of the State of New York and that Defendant is a citizen of the State of Ohio. (ECF 10, at 2, 21.) Thus, the parties appear to be diverse. He does not address, in his amended complaint, something that the Court observed that he also did not address in his original complaint, that is, why his claims under state law satisfy the jurisdictional amount for a diversity action (ECF 5, at 5) – an amount in excess of the sum or value of $75,000, *see* 28 U.S.C. § 1332(a).

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b). It also includes, concurrently, with the Eastern District of New York, "the waters within" the Eastern District of New York. *Id.*

proper venues for this action under Section 1391(b)(1), Plaintiff provides nothing to suggest that this court is a proper venue for this action under that provision.

Plaintiff further alleges, in his amended complaint, that a significant portion of the events giving rise to his claims took place at the Channel Club Marina, located in Monmouth Beach, New Jersey. (ECF 10, at 10-17.) Accordingly, and because the State of New Jersey constitutes one federal judicial district, *see* § 110, the United States District Court for the District of New Jersey is clearly a proper venue for this action under Section 1391(b)(2). Plaintiff additionally seems to allege that at least some of the events that are the bases for his claims took place in the waters off of the southern coast of Staten Island, Richmond County, New York. (ECF 10, at 20.) Richmond County (New York City Borough of Staten Island) lies within the Eastern District of New York.[3] 28 U.S.C. § 112(c). This judicial district, the Southern District of New York, which does not include Richmond County (Staten Island), does, however, include, "concurrently with the Eastern District [of New York], the waters within the Eastern District [of New York]." 28 U.S.C. § 112(b). Thus, it would appear that the United States District Court for the Eastern District of New York and this court may also be proper venues for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer that action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28

---

[3] The Eastern District of New York is comprised of the New York State counties of: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk, and it includes, "concurrently with the Southern District [of New York], the waters within the counties" of Bronx (New York City Borough of the Bronx) and New York (New York City Borough of Manhattan). 28 U.S.C. § 112(c).

U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer of this action to the United States District Court for the District of New Jersey appears to be appropriate. Defendant may reside within the District of New Jersey. More importantly, however, a significant portion of the alleged events – the salient alleged events – that are the bases for Plaintiff's claims appear to have occurred within the District of New Jersey and not within this judicial district. Moreover, it is reasonable to expect that relevant documents and witnesses would be found within the District of New Jersey. Thus, the United States District Court for the District of New Jersey appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of New Jersey. This Court notes that it granted Plaintiff *in forma pauperis*

("IFP") status for this action (ECF 4), but defers to the transferee court for a determination of whether any federal district court has subject matter jurisdiction to consider this action, *see* Fed. R. Civ. P. 12(h)(3). A summons shall not issue from this court. This order closes action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 15, 2025
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge